Chief Justice Robertson
delivered the Opinion of the Court. Judge Ewing did not sit in this case.
This writ of error seek the reversal of a decree directing the administrators of Basil Robinson, deceased, to surrender to the children and distributees of John Hen-drick, deceased, (whose wife was one of the distributees of said Basil,) a female slave — Tabitha, and several other slaves — her children, and enjoining a decree previously made in a suit between the distributees of Robinson, ordering the sale of the said slaves, preparatory to a final decree for distribution among themselves. The defendants in error — who were no parties to the decree for sale of the slaves — claim them under an alleged absolute gift of Tabitha, when a child, to their mother, by her father, and a possession by their father for more than seven years after that gift, and until his death in September, 1821; and, in their bill (filed only against Basil Robinson’s administrators and Thomas Hill, one of his sons-in-law who had administered on *166 the estate of John Hendrick,) they alleged that the said Hill, as administrator, had permitted the administrators of his father-in-law, who died in 1831, to retain the possession of the said slaves as the property of their intestate (the said Robinson,) and had refused to sue or to permit a suit to be brought for them in his name as the administrator of Hendrick.
To a bill which seeks to enjoin the execution of a former decree, all the parties to that decree must be made parties.
*166 The defendants to the bill denied the principal allegations. And a multitude of witnesses having deposed to various facts conducing, on the one side, to establish, and on the other side, to invalidate the claim of the complainants, the Circuit Court, on the final hearing of the cause, decreed a surrender to them of the slaves, and a perpetuation of the injunction inhibiting the sale of them under the decree in the suit of Robinson’s administrators and distributees, for distribution.
If, as alleged and perhaps proved, the title to Tabitha had become vested in Hendrick at the time of his death, and Robinson afterwards took her into his possession, as an agent or trustee, to hire out for the benefit of the decedent’s family, this suit in chancery may, in our opinion, be maintained, and has not been barred by lapse of time; for it is evident that Hill, as Hendrick’s administrator, waived, from the beginning, and still renounces, all claim to Tabitha and her children as assets in his hands; and therefore, not only was tho alleged trust for the benefit of Hendrick’s distributees available as against Hill as administrator, but it might be enforced, of course, in a court of equity; and such a suit would not be barred by time, unless there had been an open renunciation of the trust five years at least prior to the commencement of the suit, and unless also, at the time of such renunciation, Hendrick’s children or some of them labored under no saving disability, or unless none of them labored under such disability for five years immediately preceding the filing of the bill; but there is no sufficient proof of any such renunciation, and there can be no doubt that, if there had been such renunciation, all Hendrick’s children were then minors, and that some of them were minors when this suit was brought.
Nor can the decree for the sale of the slaves for the *167 ulterior purpose of making distribution of the price among Robinson’s distributees, bar, or materially affect, the claim of Hendrick’s distributees; because they •were no parties to that decree. Even Hendrick’s widow was not, according to the record, made a party in that suit, either by appearance or by notice; and had she been á party, her life estate in one third of the slaves would alone have been concluded by the decree for the sale of them for distribution; and that interest having determined by her death during the pendency of this case in the Circui t Court, Hendrick’s children were his only distributees when the decree in their favor was rendered, and the interest they then claimed was clearly unaffected by the prior decree for the sale of the slaves, and which their own decree enjoined.
But, as a portion of the decree between Robinson’s administrators and distributees was enjoined in this case, it seems to us that all the parties to the decree thus enjoined were necessary parties to the suit enjoining it. And none of Robinson’s distributees, except the two who were administrators and Hill, have been made parties in this case.
As, for this last defect in the preparation of this suit, the decree we are called on to revise must be reversed, we shall not now express a distinct opinion as to the effect of the evidence respecting the right of Hendrick to Tabitha, or that of his children to her and her increase, as claimed in virtue either of his title or of any gift by Robinson to themselves, express or implied, since their father’s death. We may suggest, however, that, according to the facts as now exhibited, their claim is so far plausible and imposing as to have authorized an affirmance of the decree in their favor, or at least rendered a reversal very difficult, had all the necessary parties been before the Court.
But, for the defect of parties already suggested, the decree is reversed, and the cause remanded, with instructions to allow time for making all necessary and proper parties.